**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

GEORGE TONTE,

Plaintiff,

vs. Case No. 3:26-cv-2571-MMH-PDB

T.K. WATERS, in his official capacity, et al.,

Defendants.
_________________________________/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action in state court on July 3, 3026, by filing a seven-count Complaint. See Complaint (Doc. 2). On September 24, 2026, the Defendant removed the case to this Court. See Notice of Removal (Doc. 1). Upon review, the Court finds that the Complaint constitutes an impermissible shotgun pleading. In Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of shotgun pleadings. See id. at 1321–23. As relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322–23 n.13 (collecting cases). Indeed, Rule 10(b),

Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)).

Here, Plaintiff sets forth three Fourth Amendment claims in Counts V–VII against J.R. Baldwin, H.A. Gutierrez-Nichols, and C.M. Jones, respectively. See Complaint at 9, 11, 13. In each of these counts, Plaintiff also alleges that T.K. Waters is liable to Plaintiff due to "deliberate indifference, custom or practice permitting the use of excessive force, and failure to adequately train and supervise" the other Defendants. Id. Therefore, each of these counts appear to include two distinct theories of relief against two different defendants. As such, the Court will strike the Complaint and direct Plaintiff to file a corrected complaint that sets forth each of his claims for relief in a separate count. See Anderson, 77 F.3d at 367 n.5 (noting that when faced with a shotgun pleading the district court should sua sponte strike the pleading and direct the plaintiff to file a more definite statement). Accordingly, it is

**ORDERED:**

1. The Complaint (Doc. 2) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[1] consistent with the directives of this Order on or before **October 14, 2026**. Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, on this 28th day of September, 2026.

Marcia Morales Howard
MARCIA MORALES HOWARD
United States District Judge

lc37

Copies to:

Counsel of Record

[1] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Rule 15(a)(1).